Per Curiam.
—The action was for an injunction against the defendants continuing to maintain their elevated railroad in front of plaintiff’s premises, and for damages.
The original plaintiff was one Christian Senft. After the action was begun he conveyed to the present plaintiff, the property in the action. Upon her application it was ordered that she be substituted as plaintiff and it was further ordered that so much of the cause of action alleged in the complaint as is- for equitable relief, viz.: for an injunction, etc., may be and the same is continued in the name of the substituted plaintiff upon condition that within forty days the substituted plaintiff serve a supplemental complaint setting up the said equitable cause of action.
Under this provision a supplemental complaint was served, but it may be here assumed that it did not set up the equitable cause of action for which action was brought, and that it alleged an original cause of action in her own favor, that had accrued upon the conveyance of the property to her being made.
The defendants served an answer to this supplemental complaint. The issues were tried, and judgment was ordered for plaintiff on a case that supported the supplemental complaint.
It is now objected to the judgment that it was not competent to try any other case than such as existed at the beginning of the action, by Christian Senft, and that the present plaintiff could not recover upon a cause of action that accrued after this action was begun.
This objection was not taken upon the trial. There had been no motion to set aside the complaint as one not allowed by the order of substitution. Uo proceeding was taken based upon the ground that the condition of the order had not been performed. All the exceptions upon the trial were such as applied to a case properly pleaded, and there was no allusion to any defect or irregularity of pleading. The judgment, therefore, cannot be reversed upon the ground taken on the appeal.
The other question of the appeal must be determined for the respondents as they have heretofore in other cases been heard and passed upon.
Judgment affirmed, with costs.
Sedg-wíck, Truax and Dugro, JJ., concur.